Dr. J. A. Penny, a State's witness, on cross-examination, stated that he had not instigated any prosecution against the defendant for illegal sales of liquor; that he was attending this term of the court in a burglary case, in which he and the defendant were witnesses for the State, and having heard that Fowler said that he had bought liquor from the defendant on that Sunday, he (witness) called the attention of the Solicitor, to it; that after the prosecution began, he employed counsel to assist in processing the defendant.
On being asked by the defendant's counsel if he had not declared that he intended to "break up" the defendant, he answered as follows: "I tried to break up the selling of liquor at Tipper's Cross-Roads by the defendant, and did all I honorably could do to do so. I intended to do all I honorably could to break it up. I, and others, opposed the granting of license to the defendant to sell liquor there. I am not on bad terms with the defendant; have not had any trouble with him about land." Question by defendant: "Don't you know that (678) petitions were presented to the Board of Commissioners of Wake county, in which he was recommended as a man of good character, and a suitable person to be granted license to sell spirituous liquor?" The *Page 556 
witness answered: "I know that such petitions were presented, but there were counter-petitions; license was granted him."
On re-direct examination, the witness was asked this question: "You have stated that you declared your intention to do all you honorably could to break up the selling of whiskey by Glenn at his store. Why did you make that declaration?"
Question objected to by the defendant. The Court ruled that an impeaching question having been asked the witness and answered as stated, he had a right to explain his reason, and overruled the defendant's objection, whereupon the defendant expected.
The witness answered: "I made the assertion because I thought the grog-shop was an injury to the community. My children and my neighbor's boys would be induced to form bad habits there, and it was detrimental to the community. I know a good many of my neighbors opposed it, and I was willing to assist them in suppressing it, and the reason I did it was because I believed Glenn to be an improper person to sell liquor in any community, and especially in that one."
The defendant objected to this answer as well as to the said question, on the ground, as he contended, that the witness could only state facts, and the reason given by him was irrelevant; and that the answer was objectionable because it put the character of the defendant's house, as well as of the defendant himself, before the jury.
Objection to the answer overruled. Exception by defendant to question and answer.
The witness was then asked by the solicitor, "were your reasons based upon what you saw yourself?" Objected to by defendant, on the grounds given for the preceding objections. Objection (679) overruled. Exception by defendant. He answered, "From what I saw myself."
There was a verdict of guilty, and from the judgment thereon the defendant appealed.
Neither of the appellant's exceptions can be sustained, It was obviously his purpose to impeach the prosecuting witness by the cross-examination. He sought to show that this witness had instigated and set the prosecution on foot, prompted by motives of ill will towards the defendant, and a wicked testimony. The State then, certainly had the right to have him explain his conduct brought in question and the motives that prompted his action, so that he might stand in a fair and *Page 557 
just light before the jury. A party cannot be allowed to impeach a witness on the cross-examination by calling out evidence culpatory of himself and there stop, leaving the opposing party without opportunity to have the witness explain his conduct, and thus place it in an unobjectionable light if he can. In such case the opposing party has the right to such explanation, even though it may affect adversely the party who cross-examined. Upon the examination in chief, the evidence may not be competent, but the cross-examination may make it so.
There is no error.
No error. Affirmed.
(680)